IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MAXINE KENDRICK HERNANDEZ | § | |
| VS. | § | CIVIL ACTION NO.   1:13-CV-302 |
| MRS. WILSON, ET AL. | § | |

### MEMORANDUM OPINION REGARDING TRANSFER

Plaintiff Maxine Kendrick Hernandez, an inmate confined at the Hobby Unit of the Texas Department of Criminal Justice, Institutional Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against the employees at the Bell County Jail.  Plaintiff alleges the defendants changed into her family members and tried to murder her.

The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrates.

<u>Discussion</u>

The Civil Rights Act, 42 U.S.C. § 1981, *et seq*., under which this case is brought, does not contain a specific venue provision.  Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391.  *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972); *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose.  However, under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and

1

in the interest of justice, a district court may transfer any civil action to any other district where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Plaintiff complains of incidents which allegedly occurred in Bell County, Texas. The events which form the basis of the complaint did not occur within the Eastern District of Texas, nor do the defendants reside here. As a result, the Eastern District of Texas is not the proper venue for this action. The court has considered the circumstances and has determined that the interests of justice would best be served by transferring the case to the district where the claims arose. Accordingly, the case will be transferred to the Waco Division of the Western District of Texas. It is accordingly

**ORDERED** that this civil rights action is **TRANSFERRED** to the Waco Division of the United States District Court for the Western District of Texas.

**SIGNED** this   17   day of           May           , 2013.

                                                                     KEITH F. GIBLIN
                                                                     UNITED STATES MAGISTRATE JUDGE